# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMERICAN AUTOMOBILE INSURANCE     :   No. 3:14cv1911
COMPANY a/s/o SETTLER'S INN, LTD.,    :
                              Plaintiff          :   (Judge Munley)
                                          :
                      v.                            :
                                          :
L.H. REED & SONS, INC.,            :
                              Defendant        :

## MEMORANDUM

Before the court for disposition is Defendant L.H. Reed & Sons, Inc.'s motion to dismiss plaintiff's complaint. The motion has been fully briefed and is ripe for disposition.

**Background**

Defendant L.H. Reed & Sons, Inc. is a corporation in the business of the installation, maintenance and repair of HVAC (Heating, Ventilation and Air Conditioning) systems and such systems' piping and equipment. (Doc. 1, Compl. ¶ 2). Plaintiff American Automobile Insurance Company as subrogee of Settler's Inn, Ltd. (hereinafter "Settler's Inn")[1] owns property

---

[1] This case involves damage that occurred to property owned by Settler's Inn, Ltd. Settler's Inn had insurance coverage from American Automobile Insurance Company. The insurance company paid out benefits for the property damage and now sues as subrogee of Settler's Inn, Ltd. For purposes of clarity we will refer to plaintiff as "Settler's Inn". They were the entity involved in all the dealings at issue.

known as Ledge's Hotel in Hawley, Pennsylvania.  (Id. ¶ 5).  American Automobile Insurance Company insured the property.  (Id.)  Settler's Inn contracted with defendant to design, install, repair and maintain the HVAC system at Ledge's Hotel.  (Id. ¶ 8).

Plaintiff alleges that due to the manner in which pipes were installed on the roof of the premises for the HVAC system, snow sliding down the roof allowed the pipes to dislodge, break and cause a fire.  (Id. ¶ 17).  The fire activated the sprinkler systems, which flooded multiple rooms and suites at the hotel.  (Id. ¶ 18).  The fire and water caused substantial damage and destruction to the real and personal property of Settler's Inn.  (Id. ¶ 21).  The instant lawsuit ensued wherein the Settler's Inns subrogee sues Reed for the following:  Count I-Negligence;  Count II-Breach of Warranty; and Count III-Breach of Contract.

Defendant then filed the instant motion to dismiss.  The parties have briefed their respective positions and the matter is ripe for disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332.  American Automobile Insurance Company a/s/o Settler's Inn, Ltd. is a corporation organized and existing pursuant to the laws of the State of

Missouri with its principal place of business in Novato, California.  (Doc. 1, Compl. ¶ 1).   Defendant L.H. Reed & Sons, Inc. is a closed corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located in Honesdale, Pennsylvania.  (Id. ¶ 2).   Additionally, the amount in controversy exceeds $75,000.   (Id. ¶ 3).

Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states [.]"); 28 U.S.C. § 1441.  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

This case is before the court pursuant to defendant's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   When a

12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice

4

of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendant's motion to dismiss raises the following four issues: 1) does the "gist of the action" doctrine precludes plaintiff from asserting a tort claim; 2) is plaintiff precluded from recovering attorney's fees and costs; 3)

5

does plaintiff's complaint fail to set forth cognizable claims for breach of contract and breach of warranty; and 4) should paragraph 25(g) of plaintiff's complaint be stricken.   We will address each issue in turn.

**1.  The "gist of the action" doctrine**

The defendant's first argument is that plaintiff's cause of action, if any, is a contract cause of action and it cannot be turned into a tort/negligence cause of action pursuant to the "gist of the action" doctrine. The gist of the action doctrine precludes a plaintiff from suing for a tort where the actions of the parties are covered by a contract.  In such cases, the plaintiff's remedy is a breach of contract action according to the defendant.

Plaintiff's position is that the scope of the "gist of the action" doctrine is not so broad as to preclude its tort claims.  Plaintiff argues that it seeks to recover damages for property damage - - not merely purely economic losses from the defendant's breach of contract.  After a careful review, we find that the "gist of the action" doctrine does apply, but that no claims should be dismissed at this point.

In Pennsylvania, the "gist of the action" doctrine "'maintain[s] the conceptual distinction between breach of contract and tort claims[,]' and

6

precludes plaintiffs from recasting ordinary breach of contract claims as tort claims." McShea v. City of Phila., 995 A.2d 334, 339 (Pa. 2010) (quoting eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002)). The Pennsylvania Superior Court in eToll found that the gist of the action doctrine precludes tort actions "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of the contract." eToll, Inc., 811 A.2d at 19 (internal citations and internal quotation marks omitted); see also Bruno v. Bozzuto's, Inc., 850 F. Supp. 2d 462, 468-69 (M.D. Pa. 2012) (dismissing claims for negligent and fraudulent misrepresentation under the gist of the action doctrine because these claims arose from contractual duties). The Pennsylvania Superior Court has explained that "[t]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." Redevelopment Auth. v. Int'l Ins. Co., 685 A.2d 581, 590 (Pa. Super. Ct. 1996) (*en banc*).

In the instant case, it appears that plaintiff's tort claims essentially duplicate the breach of contract claim and the success of the tort claims is wholly dependent on the terms of the contract. We do not see the distinction that plaintiff attempts to make in arguing that they had property damage due to the breach of contract and therefore can have a separate tort claim. They have not explained why these property damages would not be recoverable under the breach of contract claim. Although, it appears that the "gist of the action" would preclude plaintiff's tort claims, we find it is too early to dismiss them because they can be viewed as causes of action pled in the alternative.

A certain tension exists, at the motion to dismiss stage, between Pennsylvania's gist of the action doctrine and Rules 8(d) (2) and (3) of the Federal Rules of Civil Procedure, which expressly condone pleading in the alternative. Other district courts in Pennsylvania have noted that "caution should be exercised in determining the gist of an action at the motion to dismiss stage."[2]  Interwave Tech., Inc. v. Rockwell Automation, Inc., No.

---

[2]Rules 8(d)(2) and (3) state:

>     (2) Alternative Statements of a Claim or Defense.
> A party may set out 2 or more statements of a claim
> or defense alternatively or hypothetically, either in a

8

Civ. A. 05-398, 2005 WL 3605272 at *13 (E.D. Pa. Dec. 30, 2005) (quoting <u>Caudill Seed & Warehouse Co. v. Prophet 21 Inc.</u>, 123 F. Supp. 2d 826, 834 (E.D.Pa. 2000)); <u>see</u> also <u>Weber Display & Packaging v. Providence Wash. Ins. Co.</u>, No. 02–7792, 2003 WL 239141, at *3-4 (E.D. Pa. Feb. 10, 2003) (noting that it is often premature to determine the gist of a claim before discovery has been taken).

Accordingly, the court will decline to dismiss plaintiff's tort claims at this juncture. Although, ultimately, the defendant may be correct that the plaintiffs cannot pursue their breach of contract claim as well as their tort claims, discovery will provide the parties and the court a better idea of which, if any, claims are precluded.

**2. Attorney's fees and costs**

As part of the damages in the instant case, plaintiff seeks attorney's fees and costs. Defendant argues that no authority exists for the granting of such damages in the instant case, and therefore the claim should be

---

single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
   (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.
FED. R. CIV. P. 8(d)(2), (3).

dismissed. Plaintiff's position is that discovery has not taken place yet and they do not know if the contract at issue contains an attorney fee shifting clause. We agree with plaintiff and will deny the motion to dismiss the claim for attorney's fees and costs without prejudice to the defendant raising it again at the summary judgment stage.

**3. Breach of contract/breach of warranty and certain relief**

Next defendant challenges plaintiff's breach of contract claim, breach of warranty claim and a claim for certain other relief. We will discuss each claim in turn.

  **A.  Breach of contract**

Count III of plaintiff's complaint asserts a cause of action for breach of contract. Defendant seeks dismissal of this breach of contract cause of action on the basis that plaintiff does not particularize the contractual provisions allegedly breached by defendant nor has plaintiff attached a copy of the contract to the complaint. After a careful review we find defendant's argument unpersuasive.

Under Pennsylvania law, parties asserting claims for breach of contract must allege the following three elements to adequately state a claim: "(1) the existence of a contract, including its essential terms; (2) a

10

breach of duty imposed by the contract; and (3) resultant damages." Alpart v. Gen. Land Partners, Inc., 574 F. Supp. 2d 491, 502 (E.D. Pa. 2008) (citing CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct.1999)); see also Mavrinac v. Emergency Med. Ass'n of Pittsburgh, No. 2:04–cv–1880, 2005 WL 2304995, at *8 (W.D. Pa. Sept. 21, 2005) (noting that to plead a breach of contract, "a plaintiff must assert the existence of a valid and binding contract; that the plaintiff has complied with [the] contract by performing her own obligations under it; [that] all conditions precedent were fulfilled; [that] there was a breach of the contract; and [that] damages were incurred" (citing Pierce v. Montgomery Cnty. Opportunity Bd., Inc., 884 F.Supp. 965, 970 (E.D. Pa. 1995))). Although every term of a contract need not be stated in complete detail, every element must be specifically pleaded. Cutillo, 723 A.2d at 1058. Clarity in the pleadings is "particularly important where an oral contract is alleged." Pa. Supply, Inc. v. Am. Ash Recycling Corp., 895 A.2d 595, 600 (Pa. Super. Ct. 2006) (citations omitted).

In the instant case, plaintiff has pled these three elements. The complaint asserts a breach of contract. Specifically, the complaint avers: "Defendant entered into a contract with [Settler's Inn, Ltd.] to perform

certain plumbing and heating services, including, but not limited to, installing, inspecting, servicing, maintaining and cleaning of the HVAC system at the Subject Premises." (Doc. 1, Complaint ¶ 31). The complaint also alleges the manner in which defendant breached the contract. (Id. at ¶¶ 32, 25(a)-(g)). The complaint also alleges the amount of damages, $820,888.52. (Id. ¶ 22). Thus, defendant's motion to dismiss this claim will be denied.[3]

### B. Breach of warranty

Count II of plaintiff's complaint sets forth a cause of action for breach of warranty. Defendant argues that it is insufficiently pled and should be dismissed. We disagree.

To assert a breach of warranty claim under Pennsylvania law, the plaintiff must allege a breach of a warranty and that the breach caused specific damages. See Price v. Chevrolet Motor Div. of Gen. Motors Corp., 765 A.2d 800, 809 (Pa. Super. Ct. 2000).

Plaintiff's complaint asserts: "Defendant expressly and/or impliedly

---

[3]Defendant also complains that the contract is not attached to plaintiff's complaint. We do not find this fatal to plaintiff's claims. The complaint sets forth the areas that the contract covers. Moreover, it is not clear whether the contract was verbal or written.

12

agreed to perform its services in a good and workmanlike fashion and in accordance with the generally accepted standard of care among HVAC and plumbing contractors in the Commonwealth of Pennsylvania." (Doc. 1, Complaint ¶ 28). Damages flowed from the breach of these warranties. (Id. ¶ 29).[4] Accordingly, we will not dismiss the breach of warranty claim.

### C. Other relief

Plaintiff's complaint seeks certain damages and "such other and further relief as this Court deems just and proper under the circumstances." (Doc. 1, Complaint Ad damnum clauses foll. ¶¶ 26, 29 32). Defendant argues that this is an unacceptable "blanket" or "catch-all" phrase and should be dismissed. We disagree. The verbage used by the plaintiff's complaint is very common in complaints. Its presence does not prejudice the defendant in any way. It merely allows the court to fashion relief as it seems appropriate at the appropriate time. No reason exists reason to strike this language, and the defendant's motion will be denied.

### 4. Insufficiently specific claim of negligence

---

[4]Defendant argues that plaintiff merely alleges that the damages are from the breach of contract. The complaint is not real clear on this issue. However, as set forth above, plaintiff at this stage of the proceedings can plead in the alternative.

Next, defendant again challenges plaintiff's negligence claim. Specifically, defendant challenges paragraph 25(g) relating to plaintiff's negligence claim. This paragraph asserts that defendant acted negligently in "[o]therwise failing to use due care and skill under the circumstances in ways that may be further disclosed during the course of discovery." (Doc. 1, Complaint ¶ 25(g)). Defendant alleges that this language is "overbroad and vague" and should be stricken. We disagree. The purpose of this language is to apply to claims that may be uncovered during discovery. It is impossible for the plaintiff to be specific about something that it does not know of. Thus, we find that the language is not overbroad or vague. Defendant's motion will be denied.

**Conclusion**

For the foregoing reasons, the defendant's motion to dismiss will be denied. An appropriate order follows.

**Date: April 8, 2015**          s/ James M. Munley
                                 **Judge James M. Munley**
                                 **UNITED STATES DISTRICT COURT**